**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JEFFREY SMITH, et al.,                              Case No. 1:10-cv-718

            Plaintiffs,                             Dlott, J.
                                                    Bowman, M.J.

      v.

INDIAN HILL EXEMPTED VILLAGE
SCHOOL DISTRICT, et al.,

            Defendants.


**REPORT AND RECOMMENDATION**

On October 15, 2010, Plaintiff Jeffrey Smith initiated this litigation on behalf of
himself and his daughter ("JMS"). Plaintiffs' *pro se* complaint, filed under seal, alleges
generally that the eleven named Defendants, including the Ohio Department of Education,
a school district, defense attorneys, and hearing officers, violated the rights of JMS under
a multitude of federal and state laws. Among the federal laws identified as a basis for
Plaintiffs' claims and this Court's jurisdiction, Plaintiffs allege specifically that Defendants
violated the American with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), 42 U.S.C.
§1983, the Individual Disabilities Education Act ("IDEA"), the No Child Left Behind Act
("NCLBA"), and the Family Education Rights and Privacy Act ("FERPA").

Pursuant to local practice, this case has been referred to the undersigned
magistrate judge for initial consideration of all pending motions. *See* 28 U.S.C.
§636(b)(1)(B). Those motions include: 1) the motion of some defendants to dismiss or

abstain (Doc. 10); 2) Defendant Ohio Department of Education's motion to stay filing of the administrative record (Doc. 11); 3) two motions by multiple defendants to dismiss on multiple grounds (Docs. 19, 21); 4) Plaintiff's motion to assign a burden of proof to Defendants and motion for sanctions (Doc. 23); and 5) Plaintiff's motion for federal injunctive relief (Doc. 28).  Having completed my initial review, I now recommend that all of Defendants' motions to dismiss be **granted** and that Plaintiffs' motions be **denied**.  By separate order filed herewith, I have granted Defendants' motion to stay the filing of the complete administrative record.

### I.  Factual and Procedural Background

Plaintiff Smith was dissatisfied with the special education services the Indian Hill Exempted Village School District ("the School District") provided to his daughter JMS, an eighth grade student at the time.  Eventually, Plaintiff Smith filed a total of three separate due process complaints presenting complaints arising out of the course of education provided to JMS; those complaints were consolidated into a single administrative proceeding.[1]  The Ohio Department of Education ("ODE") was named as a party, and Plaintiff subpoenaed several staff members.  ODE moved to dismiss, and also to quash subpoenas issued to its staff members.  At the time, ODE was represented by Assistant Ohio Attorney General Sharon Jennings (a named Defendant herein).  Impartial Hearing Officer ("IHO") Linda Warner (also now a Defendant) sustained ODE's motions.  (Doc. 9 at 53-54).  Plaintiff Smith attempted to appeal IHO Warner's decision, but ODE (again through Assistant AG Jennings) moved to dismiss the appeal on jurisdictional grounds.

---

[1] Much, though not all, of the administrative record has been filed in this civil record as an Appendix to the State Defendants' motion for abstention or partial dismissal. (Doc. 9).

State Level Review Officer ("SLRO") Bohlen (now another Defendant) sustained the motion to dismiss the appeal (Doc. 9 at 68-82).  The case was then reassigned to IHO Linda Mosbacher for a due process hearing.

Following commencement of the due process hearing, on or about May 4, 2010, Plaintiffs and the School District settled their dispute, placing the fact of settlement into the record.  At the time, Plaintiff Smith agreed to release of all claims for Plaintiff, his wife, and his minor daughter in exchange for implementation of a specific education plan and payment of $7,000.  On May 7, 2010, IHO Mosbacher entered an order dismissing the matter with prejudice pursuant to the parties' written Settlement Agreement.  (Doc. 9 at 83, 119-123).  Plaintiff Smith subsequently attempted to appeal (and set aside) that Agreement but SLRO Bohlen dismissed that appeal for lack of jurisdiction in light of the parties' settlement (Doc. 9 at 84-100).

On August 31, 2010, Plaintiff Smith filed a complaint in the Hamilton County Court of Common Pleas, naming most of the Defendants named in this case, and presenting substantially similar allegations and claims under the IDEA, the ADA, and the RA. Plaintiff's state court litigation, like the instant litigation, sought judicial review of the dismissal of his IDEA claims.  *See Jeffrey Smith v. Indian Hill Exempted Village School District*, Hamilton County Common Please Court Case No. A1008031.  (Doc. 9 at 101-150 (complaint) and Doc. 9 at 151-152 (state court docket sheet)).

All defendants named in the state court litigation filed motions to dismiss.  This Court takes judicial notice of the fact that all of those motions ultimately were granted (*See* Hamilton County Common Pleas Case No. A1008031, Docket Sheet entries dated 11/22/10, 11/23/10, 12/3/10, 12/7/10 and 12/8/10; *see also* Doc. 14-1 (Judgment Entry

3

dismissing School District defendants)).  The state court docket sheet additionally reflects

that a judgment including costs and sanctions was entered in favor of several defendants

and against the plaintiffs in the state litigation (*Id.*, Docket Sheet entries dated 12/17/10,

12/21/10, and 4/18/11).  Plaintiffs filed notices of appeal.

On October 15, 2010, after Plaintiffs initiated suit in state court but prior to dismissal

of that litigation, Plaintiffs filed a complaint in this court.

## II.  Analysis

### A.  Motion for Abstention/Partial Dismissal (Doc. 10)
### Motion to Stay filing of Administrative Record (Doc. 11)

#### 1.  *Younger* Abstention

The Ohio Department of Education, Deborah Delisle, Monica Bohlen, and Sharon

Jennings (hereinafter "the State Defendants"), through counsel, first filed a motion seeking

abstention and/or dismissal, on grounds that at the time Plaintiffs filed suit in this Court,

Plaintiffs were simultaneously pursuing nearly identical relief in state court.  In a related

procedural motion, the State Defendants also seek to stay the requirement of hand-filing

the complete administrative record (equivalent to four bankers' boxes) unless and until the

Defendants' motions to dismiss on legal grounds in this case are denied.

In seeking abstention, the State Defendants argue that under *Younger v. Harris*, 401

U.S. 37 (1971) and its progeny, abstention is appropriate due to the parallel state litigation.

In a response in opposition (Doc. 23),[2] Plaintiffs argue that the motion seeking abstention

must be denied because no other Defendants have joined that motion.  In addition,

---

[2]The same document doubles as a "Motion to Assign Burden of Proof to Defendants" and a "Motion to
Sanction Defendants."   The undersigned has endeavored to interpret Plaintiffs' *pro* se pleadings and
memoranda liberally, but frankly finds some of the arguments to be indecipherable.

4

Plaintiffs contend that the motion for abstention has been rendered moot in light of the recent dismissal of the state litigation in Defendants' favor.

Contrary to Plaintiffs' belief, the failure of other Defendants to join the State Defendants in seeking abstention does not provide a basis for denial of their motion. Moreover, the State Defendants argue that Plaintiffs' case in state court has not been completed, because Plaintiffs have appealed the dismissal of their state case.

The *Younger* abstention doctrine continues through the exhaustion of all appeals, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). However, there is some ambiguity in this federal record as to whether all state court appeals have now been exhausted, or whether the state court litigation is in fact still "pending" as is required for the *Younger* abstention doctrine to apply.[3]  In light of that ambiguity, I do not recommend dismissal on the basis of the *Younger* abstention doctrine.

### 2. *Coe v. Michigan Dept. of Education* and *Res Judicata*

I find more persuasive the State Defendants' alternative argument that dismissal is appropriate under the rule established in *Coe v. Michigan Dept. of Education,* 693 F.2d 616 (6th Cir. 1982).  In *Coe*, the Sixth Circuit held that a special education claimant may not pursue simultaneous cases in state and federal court.  The reasoning of *Coe* would appear to apply regardless of the present posture of the state court litigation, because it speaks to a litigant's election of a state **or** federal forum under statutory language permitting a complaint seeking judicial review to be filed "in any State court...or in a district court of the

---

[3]The state court docket includes a March 9, 2011 notation that suggests that the Plaintiffs' appeal may have been dismissed on that date; however, none of the parties have provided this Court with confirmation of that fact, or evidence as to whether all appeals have now been exhausted.

5

United States" - not both. *See* 20 U.S.C. §1415(i)(2)(A).

Plaintiffs argue that they filed a civil complaint in federal court only after the state court failed to provide immediate relief, in order to preserve their rights. In addition, Plaintiffs attempt to differentiate the state court litigation from this federal litigation by arguing that the instant case presents "separate issues of due process." (Doc. 23 at 3). Plaintiffs further claim that this federal case should be permitted to proceed because the State Defendants "prevented" the state court from reaching the merits of the parties' dispute, by winning a dismissal on procedural grounds. (Doc. 23 at 1-2). Last, Plaintiff Smith complains that he has "no parent access to District Court cases on the internet and thus no way to examine ... *Coe v. Michigan* in preparing this pleading." (Doc. 23 at 2).

None of Plaintiffs' arguments support differentiating the rule of *Coe* or its application to this case. Having first chosen the state court forum for review of their claims, Plaintiffs cannot seek the same review from this federal court. Nor can Plaintiffs be heard to complain, having initiated suit *pro se*, that their access to case authority is limited.

In addition to the election of forums, *Coe* stands for the proposition that a party "must raise every appropriate issue in the forum of his choice or be barred from later asserting the claim under the basic doctrine of *res judicata*." *Id.,* 693 F.2d at 618. As discussed more fully below, the claims presented in this federal forum also would be barred by the doctrine of *res judicata*. Therefore, Plaintiffs' complaint should be dismissed under *Coe v. Michigan Dept. of Education*.

### 3. Immunity Defenses

Finally, three of the State Defendants (administrative hearing officers Mosbacher and Bohlen, and Assistant Ohio Attorney General Jennings) seek dismissal of all claims

6

against them on the basis that they are protected by the doctrines of judicial immunity (for Mosbacher and Bohlen) and prosecutorial immunity (for Jennings). In response, Plaintiffs argue that claims of immunity would be "dangerous" to apply because such a doctrine would result in "no accountability." (Doc. 23 at 4).

I conclude that the claimed immunity doctrines do indeed bar Plaintiffs' claims against Defendants Mosbacher and Bohlen, as hearing officers, as well as Plaintiffs' claims against Assistant Ohio Attorney General Jennings in her role as defense counsel for the ODE. *See, e.g.*, *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)(judicial immunity extended to officer performing "quasi-judicial" duty); *M.O. v. Ind. Dept. of Educ.*, 635 F. Supp.2d 847, 851-852 (N.D. Ind. 2009)(holding that immunity applies to hearing officers presiding over IDEA due process hearings and appeals); *Butz v. Economou*, 438 U.S. 478, 515 (1979)(prosecutors performing duties in administrative proceedings entitled to immunity); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)(immunity extended to government attorneys acting as civil counsel). However, in light of the recommended dismissal of the entire complaint under *Coe* and the doctrine of *res judicata*, this additional basis for dismissal of claims against three of the individual Defendants is superfluous.

**B.    Motion to Dismiss of Defendants Geiger and Cater (Doc. 19)**.

Defendants Lee Geiger and Lyndsey Cater (hereinafter "the Attorney Defendants") both served as counsel to Defendant School District in connection with Plaintiff Smith's IDEA case against the School District. Plaintiffs' claims against them in this Court arise from their prior representation.

### 1.  The Settlement Agreement

In addition to the recommended dismissal under *Coe v. Michigan Dept. Of*

7

*Education*, the Attorney Defendants persuasively argue that the Settlement Agreement, entered into by Plaintiffs on May 4, 2010 in connection with their prior IDEA claims and complaints bars this lawsuit, because Plaintiffs released from all claims not only the School District and its employees, but also the attorneys for the School District (Geiger and Cater). Settlement agreements are encouraged by the statutory scheme of the IDEA and are regularly upheld by the courts. *See* 20 U.S.C. §1415(i)(3)(D); *Woods ex rel. T.W. v. Northport Public School,* 2011 WL 1230813 at *27 (W.D. Mich. March 31, 2011)("Congress has expressly provided for enforcement of IDEA settlement agreements in federal court when the agreement at issue was entered into 'through the [IDEA] mediation process,'...or at a 'resolution session'"); *see also Amy S. v. Danbury Local School Dist*., 174 Fed. Appx. 896 (6th Cir. 2006)(holding that the parties' settlement agreement barred suit).

In this case the Agreement, a copy of which has been filed of record by Plaintiff Smith himself, clearly reflects that all disputes between Plaintiffs and Defendants relating to JMS's education under the IDEA (or any other legal theory) were settled and fully resolved.

Pursuant to the Agreement, claims expressly released included:

any claims relating in any way to [child's] education at IHSD [Indian Hill School District] and including, but not limited to, any claims relating in any way to [child's] education at IHSD prior to May 4, 2010, claims arising under the Individuals with Disabilities Education Improvement Act (IDEIA), claims which could be filed with the US Department of Education's Office of Civil Rights, claims for breach of contract, implied contract, promissory estoppel, tortious conduct or claims arising under any federal or state statute or law or local ordinance.

(Doc. 9 at 120, ¶8). Pursuant to the Agreement, Plaintiff, his wife, and his daughter released all of their claims against not only the Indian Hill School District, but also all of its

"employees, agents, attorneys, board members, trustees, [and] trusts." *Id.*  Therefore, the Attorney Defendants' motion to dismiss should be granted.

Plaintiffs argue that this litigation is not foreclosed by the Settlement Agreement because the Agreement itself did not comply with the IDEA, specifically 34 C.F.R. §300.9, and therefore "cannot be binding on the parties." However, 34 C.F.R. §300.9 is a regulation that defines consent to educational services, and has no bearing on the parties' Settlement Agreement in this case.  Apparently Plaintiffs also believe that the Settlement Agreement is unenforceable due to Defendants' alleged failure to provide written notice of the terms of the Settlement Agreement at least 10 days prior to the due process hearing, which Plaintiffs assert is required by 43 C.F.R. 300.503.  (Doc. 23 at 8).  Again, Plaintiffs misinterpret the cited regulation, which pertains to changes in a child's FAPE under the IDEA and not to this negotiated Settlement Agreement.[4]

Plaintiffs' response in opposition to Defendants' motion to dismiss has also been docketed as a "Motion to Assign Burden of Proof to Defendants."  As best this Court can determine, Plaintiffs seek to require the Defendants to prove the legitimacy and/or validity of the Settlement Agreement, under miscellaneous regulations setting forth the requirements of "administrative due process in Ohio."  (Doc. 23 at 6-7).  As discussed, however, none of the cited regulations undermine the parties'  Agreement.

Because Plaintiffs acknowledge the fact of the Settlement Agreement, and the clear terms of that Agreement bar this lawsuit, it is incumbent upon the Plaintiffs to present some basis for this Court to set aside the parties' Agreement.  However, Plaintiffs present no

---

[4]The Settlement Agreement here was not negotiated at a pre-hearing resolution session or through the formal IDEA mediation process, but instead was negotiated by the parties and counsel after the commencement of the due process hearing.

lawful basis for any of their claims.[5]  Not coincidentally, the state court granted Defendants'

motion to dismiss on grounds that Plaintiffs' nearly identical suit in state court was clearly

barred by the terms of the parties' Settlement Agreement.

> [I]t is clear from plaintiff's complaint that all claims pending on or before May 4, 2010...were released and that plaintiff has failed to exhaust his administrative remedies for any claims he purports to have arising after May 4, 2010.  As such, the complaint fails to state a claim for relief against these [District] defendants and the Court also lacks jurisdiction to hear any such claims under the IDEA.

(Doc. 14-1 at 4-5).  Therefore, based upon the express terms of the Settlement Agreement,

the Attorney Defendants' motion to dismiss should be granted.

### 2.  Other Grounds for Dismissal Under Rule 12(b)(6)

The Attorney Defendants alternatively argue that Plaintiff's claims against them are

insufficient as a matter of law under *Ashcraft v. Iqbal* and Rule 12(b)(6).

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a

short and plain statement of the claim showing that the pleader is entitled to relief."    Fed.

R. Civ. P. 8(a)(2).  However, in recent years, the Supreme Court has brought greater focus

to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563,

127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its

retirement" and instituting a new standard that a complaint must contain facts sufficient to

"state a claim to relief that is plausible on its face" *Id.* at 1974.  In *Ashcraft v. Iqbal*, 129

---

[5]While not cited by Plaintiffs, 20 U.S.C. §1415(f)(1)(B)(iv) permits a party to a written settlement agreement negotiated under the IDEA at a preliminary meeting held "prior to" an impartial due process hearing to "void such agreement within 3 business days of the agreement's execution."  By its terms, this provision does not apply to a Settlement Agreement negotiated -as this one was- *after* the due process hearing has begun.  Regardless, the administrative record reflects that Plaintiff Smith did not attempt to appeal or rescind the settlement until June 16, 2010, at the earliest - far more than 3 days following execution of the Settlement Agreement.  In fact, the hearing officer did not dismiss the administrative proceedings pursuant to the parties' Agreement until three business days later, May 7, 2010.

S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

In this case, the Attorney Defendants contend that the complaint fails to state a plausible claim against them under the IDEA, because the attorneys are not an educational agency subject to suit. Additionally, the Defendants argue that they cannot be sued under 20 U.S.C. §6301 (NCLBA) or 20 U.S.C. §1232(g)(FERPA) because neither Act allows for a private right of action by parents.

Plaintiffs do not address most of Defendants' arguments. However, with respect to their FERPA claim Plaintiffs assert, as best this court can determine, that parents have a right to "FERPA protected information" by filing written requests, and that Plaintiff Smith should have a right to sue under FERPA because the District Defendants withheld student records that he was entitled to receive. (Doc. 23 at 6).

All of Defendants' arguments in favor of dismissal under Rule 12(b)(6) have merit, but will not be discussed in detail because they provide merely redundant bases for dismissal in light of the clear bar to suit evidenced by the Settlement Agreement. Contrary to Plaintiffs' belief, neither FERPA nor the NCLBA confer enforceable individual rights. *See, e.g., Gonzaga University v. Doe*, 536 U.S. 273, 289 (2002)(FERPA); *see also Newark Parents Ass'n v. Newark Public Schools*, 547 F.3d 199, 213 (3rd Cir. 2008)(NCLBA does not create individual rights).

### 3. Plaintiff Smith Cannot Proceed on Behalf of Daughter

Last, the Attorney Defendants correctly argue that Plaintiff Smith lacks standing to prosecute claims on behalf of JMS, because a *pro se* litigant cannot act on behalf of

11

another.  *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)(parent cannot bring civil rights claim on behalf of minor child).  In  response, Plaintiff Smith argues that Supreme Court decision in *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 127 S.Ct. 1994 (2007) provides "a right to a parent in advocacy."[6]

*Winkelman* held only that parents are aggrieved parties under the IDEA who may prosecute their own claims; the Supreme Court expressly declined to reach the issue of whether parents may litigate their child's claims *pro se*.  *Id.,* 550 U.S. at 535, 127 S.Ct. at 2007.  In fact, Justice Scalia opined in his concurrence that nothing in the IDEA suggests a departure from the general rule that prohibits *pro se* litigants from litigating the interests of another.  *Id.* at 536 n.1.  Consistent with that general rule, the Sixth Circuit previously held that parents may not represent their child's claims under the IDEA in *Cavanaugh v. Cardinal Local School Dist.*, 409 F.3d 753, 756 (6th Cir. 2005).  Although *Winkelman* abrogated the portion of *Cavanaugh* that rejected the claim that parents may prosecute IDEA claims on their own behalf, the portion of *Cavanaugh* holding that non-lawyer parents cannot serve as legal counsel for their minor child's cause of action, *see* 409 F.3d at 755-756, remains binding precedent in the Sixth Circuit.

### C.    Motion to Dismiss of Defendants School District, Knudson and Barber (Doc. 21)

Defendants Indian Hill Exempted Village School District Board of Education, Superintendent Jane Knudson, and Board of Education Member Molly Barber (hereinafter "the District Defendants") also have moved to dismiss all of Plaintiffs' claims against them

---

[6]Plaintiff cites *Schaffer v. Weast*, 546 U.S. 49, 126 S.Ct. 528 (2005) for the same proposition but that case did not involve parents attempting to proceed *pro se* on behalf of their child.

(Doc. 21). The District Defendants present a multitude of arguments in favor of dismissal, including arguments based upon the parties' prior Settlement Agreement, *res judicata*, the *Iqbal* standard under Rule 12(b)(6), and Plaintiff Smith's lack of legal standing to represent his daughter as a *pro se* litigant.

## 1. The Settlement Agreement Requires Dismissal

Although most if not all of Plaintiffs' claims appear to be insufficient as a matter of law under *Iqbal*, this Court concludes that the Settlement Agreement provides the strongest basis for dismissal of Plaintiffs' federal complaint. As previously discussed, in the May 4, 2010 Settlement Agreement, Plaintiffs clearly and unequivocally released "any claims relating in any way to [child's] education at IHSD [Indian Hill School District] and including, but not limited to, any claims relating in any way to [child's] education at IHSD prior to May 4, 2010" and any "claims arising under any federal or state statute or law or local ordinance." (Doc. 9 at 120, ¶8).

## 2. Res Judicata and/or Collateral Estoppel

To the extent that the Agreement does not foreclose the entirety of the claims presented by Plaintiffs in this litigation, the District Defendants persuasively argue that Plaintiffs' claims are barred by the doctrine of *res judicata* in light of the December 3, 2010 adverse ruling in the District Defendants' favor in the state litigation. As previously stated, the State Defendants also urge this Court to apply the doctrine of *res judicata*.

"Pursuant to the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. Of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)(*quoting Montana v. U.S.*, 440 U.S. 147, 153 (1979)(additional citations omitted). For the doctrine to apply, the following elements must

13

be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997)(additional citations omitted). The Sixth Circuit has described *res judicata* as "extinguish[ing] 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007)(quoting *Walker v. General Tel. Co.*, 25 Fed. Appx. 332, 336 (6th Cir. 2001)).

There is no question that the doctrine applies here, due to Plaintiffs' choice to previously litigate substantially the same claims in state court. A comparison of Plaintiffs' state court complaint (Doc. 9 at 111-113) and the instant federal complaint (Doc. 2 at 33-35) confirms that the two pleadings seek virtually identical relief, against the same parties and/or their privies. Because the claims are nearly in all material respects the same, the claim preclusion component of *res judicata* is particularly applicable. Claim preclusion bars any subsequent litigation concerning "every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). The state court granted all of the Defendants' motions to dismiss, based upon Plaintiffs' failure to state a claim upon which relief could be granted. (*See* Doc. 21-1 at 75-78). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering

14

state." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 817 (6th Cir. 2010)(additional citations omitted).

To the extent that the state and federal complaints differ in some small respects, the issue preclusion component of *res judicata* - sometimes referenced as *collateral estoppel* -would bar any claims that are included in Plaintiffs' federal complaint but were not included in Plaintiffs' prior state court complaint. Issue preclusion bars all claims "which could have been litigated in a prior action." *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990); *see also Montana*, 440 U.S. at 153; *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644 at 650-651 and n.5 (explaining differences between *res judicata* and *collateral estoppel* before noting that "Latin is a dead language anyway"); *Coe v. Michigan Dept. of Educ.,* 693 F.2d at 618 ("[A] party [seeking relief under the IDEA] must raise every appropriate issue in the forum of his choice or be barred from later asserting the claim under the basic doctrine of res judicata").

### 3.  Failure to State a Claim Under *Iqbal*

The District Defendants also assert that most of Plaintiffs' allegations are nonsensical and implausible, or merely state legal conclusions (often incorrectly) unsupported by any plausible factual allegations. For example, although Plaintiffs cite to 42 U.S.C. §1983, Plaintiff Smith has not identified which of his Constitutional rights that any District Defendant, acting under color of state law, has violated. Clearly, neither the School District, its Superintendent, or its board members can be held liable under §1983 under the doctrine of *respondeat superior*. *See generally Monell v. Dept. of Social Services*, 436 U.S,. 658, 691 (1978). Defendants Knudson and Barber argue that to the extent they are sued in their individual capacities (something that is far from clear from the complaint) they

15

would be entitled to qualified immunity for any claims brought under §1983.  In addition, as supervisory officials, they do not meet the statutory definition of "employer" under several of the federal statutes on which Plaintiffs rely, including the ADA and Rehabilitation Act.  Citing many of the same legal grounds as the State Defendants, the District Defendants argue that not only the §1983 claims, but all claims against them in Plaintiffs' complaint, must be dismissed under the standards of *Iqbal*.

While Defendants' arguments concerning the many legal deficiencies of Plaintiffs' claims are meritorious, it is the general practice of this Court to permit a *pro se* plaintiff an opportunity to amend prior to dismissing a complaint under the *Iqbal* standard.  Whether amendment could salvage any claim in this case is unclear, given the lack of individual rights conferred by many of the federal statutes on which Plaintiffs rely (i.e., FERPA and NCLBA), but the Settlement Agreement and doctrine of *res judicata* so obviously bar *any* relief that it is unnecessary for this Court to make that determination, or to offer Plaintiffs the opportunity to amend on the facts presented.

### 4.  Inability of Plaintiff Smith To Pursue Claims of Child

Finally, the District Defendants join the Attorney Defendants' argument that Plaintiff Smith lacks standing to pursue any claims in his own name, and cannot properly pursue any claim for his daughter as a *pro se* litigant.  *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).    Plaintiff argues that he has standing because no decision was ever rendered under the requirements mandated by 34 C.F.R. 300.513(a).  (Doc. 23 at 10). Suffice it to say that the regulation cited by Plaintiff Smith is inapposite and has no application whatsoever to Plaintiff's standing, as a *pro se* litigant, to pursue the claims of his minor daughter.

16

**D.      Request for Attorney's Fees (Doc. 21)**

The District Defendants include in their motion to dismiss a request for an award of

attorney's fees.  Under the IDEA, 20 U.S.C. §1415(i)(3)(B) provides:

> In any action or proceeding brought under this section, the court, in
> its discretion, may award reasonable attorneys' fees as part of the
> costs...(III) to a prevailing State educational agency or local
> educational agency against the attorney of a parent, or against the
> parent, if the parent's complaint or subsequent cause of action was
> presented for any improper purposes, such as to harass, to cause
> unnecessary delay, or to needlessly increase the cost of litigation.

*Id.*

Defendants argue that it is "clear from Plaintiff's pattern of behavior over the course

of this case, including but not limited to the frivolous appeal of a settled case and his filing

of this case after having previously filed his complaint seeking judicial review in state court,

that Plaintiff's motives are improper and that he is deliberately trying to harass the district

and needlessly increase its costs of litigation."  (Doc. 21 at 19).  Indeed, although copies

of all of the relevant documents are not in this federal record, the state court docket sheet

suggests that the state court has already awarded costs and sanctions against Plaintiffs

and in favor of the Defendants.

In his response in opposition, Plaintiff Smith argues that any sanctions sought by

Defendants in this Court (and possibly in state court) are "retaliation," and that all actions

taken were "to rescue [JMS]...from changes to the status quo initiated by Defendants."

(Doc. 23 at 2).

I do not recommend granting Defendants' request for fees and costs at this time.

However, Plaintiffs are forewarned that Defendants' requests for sanctions present a close

issue in this case.  Should Plaintiffs continue to engage in a pattern of conduct that

suggests abuse of the litigation process,  sanctions may well be warranted.[7]

### E.    Plaintiffs' Rule 11 Motion (Doc. 23)

Plaintiff Smith also accuses Defendants of violating Rule 11 and/or of improperly using Rule 11 against Plaintiffs  (Doc. 23 at 7-8).  Apparently, the state court granted Defendants' motion for Rule 11 sanctions under Ohio law, imposing a monetary sanction against Plaintiffs.

To the extent that Plaintiffs now seek the imposition of Rule 11 sanctions against any Defendant in this Court, Plaintiffs' motion should be denied as procedurally improper. See Rule 11(c)(2)(movant must first provide notice to party and opportunity to withdraw pleading prior to filing motion in court).  The motion is also improper to the extent that Plaintiffs appear to seek sanctions under the federal rule based upon Defendants' conduct in administrative proceedings and/or state court.  To the extent that Plaintiff seeks an order from this Court overturning the state court's imposition of a monetary sanction against him, such relief also should be denied as this Court is without jurisdiction to set aside a state court order.

### F.    Plaintiffs' Petition for Federal Injunctions
###       to Cease Discrimination by Segregation (Doc. 28)

On March 9, 2011, Plaintiffs filed a "Petition for Federal Injunctions" that purports to seek a variety of injunctive remedies, including seven separately labeled "injunctions." The precise relief sought by Plaintiffs in each of the listed "injunctions" is confusing, although the District Defendants have attempted to respond to each as best they can interpret the various requests.   (Doc. 29).

---

[7] Although jurisdiction more obviously lies with the state court, the parties' Settlement Agreement itself provides for an award of fees and costs in the event of a breach.

18

Included in the Plaintiffs' fourth request for injunctive relief, to "stay all Executive/Administrative Agents representations requiring authority of elected officials or otherwise immune to civil responsibility," is a request for an order adding six additional Defendants to this action (Doc. 28, "Injunction #4").  To the extent that Plaintiffs seek to amend their federal complaint to add new claims and defendants, the motion for an "injunction" should be denied as procedurally improper, as well as on grounds of futility. It is unnecessary to discuss any of the remaining requests for injunctive relief individually. None of the requests, either singly or in any combination, remotely approaches the legal standard that Plaintiffs are required to satisfy in order to obtain injunctive relief.  *See, generally, Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998)(listing four elements that a movant is required to demonstrate in order to obtain injunctive relief).

### III.    Conclusion and Recommendation

Accordingly, for the reasons explained above, **IT IS RECOMMENDED THAT:**

1.  The State Defendants' interim motion to abstain from ruling on this case pending the outcome of state court proceedings (Doc. 10) should be **DENIED**, but Defendants' alternative motion to dismiss should be **GRANTED;**

2.  The Attorney Defendants' motion to dismiss for failure to state a claim (Doc. 19) should be **GRANTED**;

3.  The District Defendants' motion to dismiss for failure to state a claim (Doc. 21) should be **GRANTED** but their request for an award of fees should be **DENIED;**

4.  Plaintiffs' motions to assign the burden of proof to all the Defendants and for sanctions (Doc. 23) as well as Plaintiffs' motion for federal injunctions (Doc. 28) should be

**DENIED**; and that

5.  The entirety of Plaintiffs' complaint should be dismissed with prejudice and stricken from the active docket.

 s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


JEFFREY SMITH, et al.,                                    Case No. 1:10-cv-718

                Plaintiffs,                          Dlott, J.
                                  Bowman, M.J.

    v.


INDIAN HILL EXEMPTED VILLAGE
SCHOOL DISTRICT, et al.,

                Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).