**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JEFFREY SMITH, et al.,                              Case No. 1:10-cv-718

        Plaintiffs,                              Dlott, J.
                                                     Bowman, M.J.

    v.

INDIAN HILL EXEMPTED VILLAGE
SCHOOL DISTRICT, et al.,

        Defendants.


**REPORT AND RECOMMENDATION**

On October 15, 2010, Plaintiff Jeffrey Smith initiated this litigation *pro se* on behalf of himself and his daughter ("JMS").   The undersigned magistrate judge recommended the entry of judgment in favor of the Defendants on May 5, 2011, (Doc. 31), and on September 16, 2011, the presiding district judge adopted that Report and Recommendation.  (Doc. 50).  In addition to dismissing the complaint with prejudice, the Court granted the request of the Indian Hill Exempted Village School District (hereinafter "School District") for an award of fees.  (*Id.* at 3).

On October 31, 2011, the School District filed a memorandum setting forth the basis for a fee award in the amount of $34,136.00.  (Doc. 63).  Plaintiff Jeffrey Smith filed no document that responded directly to Defendant's motion for fees, but instead appealed nearly all rulings of this Court to the United States Court of Appeals for the Sixth Circuit.  (Doc. 66).   On August 10, 2012, the Sixth Circuit Court of Appeals denied

Plaintiff's appeal and affirmed the judgment of this Court.  (Doc. 72).

While Plaintiff's appeal was still pending, and for reasons of judicial efficiency, this Court denied the School District's first motion for attorney's fees, but without prejudice to renew upon the conclusion of appeal.  (Docs. 69, 71).  However, in doing so, the Court noted that the request for fees was "well-supported and largely unopposed."  (*Id.*).

On August 23, 2012, the School District renewed the prior motion for an award of attorneys' fees (*see* Doc. 53), but without clearly specifying the amount sought in the renewed motion.  (Doc. 73).  When Plaintiff filed no response to the renewed motion, the Court directed the School District, by September 24, 2012, to supplement the motion to the extent that it sought "to recover a sum greater than the sum of $34,136.00, previously submitted on October 31, 2011."  (Doc. 74).

On September 24, 2012, the School District filed the supplemental affidavit of R. Gary Winters, who has served as counsel of record for both the School District, and for closely affiliated Defendants, Superintendent Knudson and Board of Education member Barber.  Although the affidavit of Mr. Winters filed in support of the School District's original motion for fees reflected that Defendants' insurer had incurred $7,136.00 in fee charges as of October 20, 2011, (see Doc. 63-1), the supplemental affidavit reflects an increase in the fees incurred, due in part to the appeal, to $14,880.50.  (Doc. 75).

In addition to the fees incurred by Mr. Winters' firm, the School District's original motion for fees was supported by the affidavit of Lee Geiger, an attorney with the law firm of Graydon Head & Ritchey.  In his previously filed affidavit, Mr. Gieger stated that

2

as of September 16, 2011, the School District had incurred in excess of $27,000 in attorneys' fees and expenses for work performed by Graydon Head & Ritchey in defending the School District against Plaintiffs' federal lawsuit.  No supplemental affidavit was filed by Mr. Geiger.  Therefore, the Court concludes that the request for fees incurred by the law firm of Graydon Head & Ritchey, as incorporated through Defendant's renewed motion, is unaltered from the School District's original motion.

In the same Order that directed the School District to file any supplemental memorandum should it seek an increased fee award, the Court directed Plaintiff Jeffrey Smith to file his response in opposition on or before October 8, 2012, "showing cause as to why any properly supported application for fees should not be awarded in full." However, Mr. Smith filed no timely response in opposition to Defendant's renewed motion for fees.[1]

Because the renewed motion is both unopposed and well-supported by the affidavits of counsel filed with the School District's original and renewed motions, the School District's motion for an award of attorney's fees and expenses should be granted for the full amount sought.  That award should include the sum of $27,000 incurred for work performed by Graydon Head & Ritchey, plus the additional sum of $14,880.50, for a total award of $41,880.50 of attorney's fees, costs, and expenses.

### III.    Conclusion and Recommendation

Accordingly, for the reasons explained above, **IT IS RECOMMENDED THAT** the

---

[1]On the same date that Mr. Winters filed his supplemental affidavit, Mr. Smith did file a document docketed as a "Notice of Offers of Judgment – Mandate Defendants to Pay Costs in the Amount of Remedy Injunction to Plaintiffs."  (Doc. 76).  The undersigned has reviewed that document, but it does not respond to the motion for fees.

Defendant's renewed motion for attorneys' fees (Doc. 73) be **GRANTED,** and that this Court enter a judgment in the amount of $41,880.50 in fees, costs, and expenses in favor of the Defendant Indian Hill Exempted Village School District Board of Education and against Plaintiff Jeffrey Smith.

_s/ Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JEFFREY SMITH, et al.,                          Case No. 1:10-cv-718

      Plaintiffs,                             Dlott, J.
                                                Bowman, M.J.

    v.

INDIAN HILL EXEMPTED VILLAGE
SCHOOL DISTRICT, et al.,

      Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).